IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIA SHARPE<br>4300 Fleming Street<br>Philadelphia, PA 19128<br><br>    Plaintiff,<br><br>v.<br><br>THE CHEESECAKE FACTORY<br>RESTAURANTS, INC.<br>c/o Corporation Service Company<br>2595 Interstate Dr. Suite 103<br>Harrisburg, PA 17110<br><br>    Defendant. | CIVIL ACTION NO. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Tia Sharpe ("Plaintiff"), individually and on behalf of all other similarly situated employees of the Cheesecake Factory Restaurants, Inc. ("Defendant"), by and through her undersigned attorneys, brings this Collective and Class Action Complaint against Defendant and alleges, upon personal belief as to her own acts, and as for all other matters upon information and belief, as follows:

### INTRODUCTION

1.  Plaintiff brings this Complaint on behalf of herself and all others similarly situated, contending that Defendant has improperly failed to pay minimum wages and overtime compensation to its servers pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq*.

2. Plaintiff is a former employee of Defendant, where she worked as a server. During the course of Plaintiff's employment, Defendant failed to accurately track and record Plaintiff's hours worked. In this regard, Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for her work in that she was not paid minimum wages and/or overtime compensation as required by the FLSA and PMWA.

3. Plaintiff brings this action as a representative action under the FLSA, PMWA, and WPCL for monetary damages and penalties to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her federal claims.

6. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this District and conducts business therein, and the unlawful practices of which Plaintiff complains occurred in this District.

## PARTIES

7. Plaintiff Tia Sharpe is an adult citizen of the United States and Pennsylvania with a present address of 4300 Fleming Street, Philadelphia, PA 19128.

8. Upon information and belief, Defendant the Cheesecake Factory Restaurants, Inc. is a business entity organized and existing under the laws of the State of California, with a principal place of business located at 26901 Malibu Hills Road, Calabasas Hills, CA 91301.

9. Upon further information and belief, Defendant maintains a registered agent, Corporation Service Company, in the Commonwealth of Pennsylvania located at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

10. Defendant is a "private employer" and covered by the FLSA.

11. Plaintiff was employed by Defendant during all relevant times hereto, and as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

12. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. This action is brought as a collective action to recover unpaid minimum wages and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

14. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant as servers or other employees performing similar responsibilities for Defendant at any time during the past three (3) years who were denied minimum wages and/or overtime compensation for hours worked over forty (40) in a workweek (the members of the putative class are hereinafter referred to as "Class Plaintiffs").

15. Plaintiff estimates that there are in excess of eighty (80) other similarly situated Class Plaintiffs who either are working or worked for Defendant and were unlawfully denied minimum wages and/or overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek. The precise number of employees can be easily

ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

16. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all class members are similarly situated. Plaintiff and other similarly situated employees were similarly denied minimum wages and/or overtime compensation for hours worked in excess of forty (40) in a workweek, had the same or substantially similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully herein, whereby Defendant failed to pay Plaintiff and Class Plaintiffs minimum wages and/or overtime compensation for hours worked in excess of 40 in a workweek, have affected Plaintiff and Class Plaintiffs in the same fashion.

17. In violation of the FLSA, Defendant failed to pay Plaintiff and Class Plaintiffs minimum wages and/or overtime compensation for all hours worked over forty (40) in a workweek.

18. In violation of the FLSA, Defendant also failed to accurately track, record, and report the hours worked by Plaintiff and Class Plaintiffs. This policy and practice of Defendant is unequivocal evidence of Defendant's willful and improper failure to follow the provisions of the FLSA.

19. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and of their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid wages, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action individually and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the last three (3) years in the position of server or in positions with similar job duties, who were denied wages and/or overtime compensation for work performed in excess of forty (40) hours in a workweek.

21.     The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

22.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff and the Class were improperly denied statutorily mandated minimum wages and/or overtime compensation;

B.     Whether Plaintiff and the Class worked in excess of forty (40) hours per week;

C.     Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

D.     Whether Plaintiff and the Class are entitled to liquidated damages.

23.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff worked for Defendant as a server and has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay minimum wages and/or overtime compensation. Defendant's conduct of violating the FLSA, PMWA, and WPCL has affected Plaintiff and the Class in the exact same way.

24.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

25. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

26. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

    A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

    B. Defendant, by failing to pay minimum wages and/or overtime compensation when it became due and owing in violation of the FLSA, PMWA, and WPCL, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

    C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

27. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of

separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

28. In or about November 2015, Plaintiff began working for Defendant in the position of server at its restaurant located in King of Prussia, Pennsylvania ("KOP").

29. Over the course of her employment with Defendant, Plaintiff, along with all other Class Plaintiffs, routinely worked in excess of forty (40) hours per week.

30. Despite the number of hours worked by Plaintiff and Class Plaintiffs, Defendant often failed to compensate Plaintiff and Class Plaintiffs with minimum wages and/or overtime compensation for all hours worked in excess of forty (40) in a workweek.

31. In this regard, the General Manager of Defendant's KOP location, Scott Fisher ("Mr. Fisher"), engaged in a systematic and unlawful practice of eliminating and/or deleting recorded hours worked from the time records of Plaintiff and Class Plaintiffs.

32. Specifically, Mr. Fisher intentionally engaged in said practice to prevent Plaintiff and Class Plaintiffs from receiving minimum wages and/or overtime compensation for hours worked over forty (40) in a workweek.

33. By way of example, on February 23, 2017, Plaintiff worked and recorded 5.73 hours in the role of server. The hours worked and recorded by Plaintiff during this shift were recorded in Plaintiff's time records as of February 27, 2017. However, as of the following day, April 28, 2017, this shift had been deleted from Plaintiff's time records.

34. As a result of Mr. Fisher deleting the February 23, 2017 shift from Plaintiff's time records, the total number of hours for which Plaintiff was compensated for the workweek in question (i.e. February 22, 2017 to February 28, 2017) was 39.27 hours.

35. Plaintiff was not compensated for the hours worked during the February 23 shift nor were said hours reflected on Plaintiff's pay stub for the pay period from February 22, 2017 through March 7, 2017.

36. Had Mr. Fisher properly maintained all recorded hours worked by Plaintiff and compensated her for the same, Plaintiff would have received minimum wages and or overtime compensation for approximately five (hours) during the February 22, 2017 workweek.

37. In furtherance of Defendant's unlawful policy as described herein, Mr. Fisher also instructed a co-worker of Plaintiff, Gregory Voisard ("Mr. Voisard"), to not "clock-in" when he was scheduled to work a double shift on or about May 29, 2017.

38. Upon information and belief, Mr. Voisard's total recorded hours worked for the workweek of May 24, 2017 would have been in excess of forty if he had been properly allowed to clock in for the double shift on or about May 29, 2017.

39. As a result of the foregoing, Defendant violated the FLSA and PMWA by failing to pay employees minimum wages for all hours worked in accordance with the FLSA and PMWA.

40. In addition, Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of forty (40) in a workweek.

41. As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGES AND OVERTIME COMPENSATION

42. Paragraphs 1 through 41 are hereby incorporated by reference as though the same were more fully set forth at length herein.

43. Pursuant to Section 206 of the FLSA, employees must be paid certain minimum wages for each hour worked in a workweek.

44. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

45. Over the course of Plaintiff's and Class Plaintiffs' employment with Defendant, Plaintiff and Class Plaintiffs were denied their statutorily mandated minimum wages and/or overtime compensation for all hours worked as a result of Defendant's unlawful practices as outlined above.

46. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

47. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

48. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

9

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of server or in positions with similar job duties, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of this action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid minimum wages and/or overtime compensation as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Awarding Plaintiff and Class Plaintiffs such minimum wages and overtime compensation as are due and owing in an amount consistent with the FLSA;

E. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

F. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

G. Awarding pre- and post-judgment interest and court costs as further allowed by law;

H. Granting Plaintiff and Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

I. For all additional general and equitable relief to which Plaintiff and Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGES AND OVERTIME COMPENSATION

49. Paragraphs 1 through 48 are hereby incorporated by reference as though the same were more fully set forth at length herein.

50. The PMWA provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

51. Further, the PMWA provides that non-exempt employees shall be paid at a rate of not less than 1.5 times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. See 43 P.S. § 333.113.

52. Defendant, in violation of the PMWA, failed to keep, make, preserve, maintain, and furnish accurate records of time worked for Plaintiff and Class Plaintiffs.

53. Further, Defendant failed to ensure that Plaintiff and Class Plaintiffs were properly compensated at statutorily required minimum wages and/or overtime wages pursuant to the PMWA.

54. Defendant's failure to pay Plaintiff and Class Plaintiffs pursuant to the requirements of the PMWA was willful and not in good faith.

55. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of minimum wages and overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs, and attorneys' fees pursuant to the PMWA.

**WHEREFORE**, Plaintiff, on behalf of herself and Class Plaintiffs, prays for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B. An award to Plaintiff and the Class for the amount of unpaid minimum wages and overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and the Class of reasonable attorneys' fees and costs pursuant to the PMWA; and

D. An award to Plaintiff and the Class for any other damages available to them under applicable law, and all such other relief as this Court may deem just and proper.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

56. Paragraphs 1 through 55 are hereby incorporated by reference as though the same were more fully set forth at length herein.

57. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, by failing to pay certain wages and benefits earned, due and owing to Plaintiff and Class Plaintiffs pursuant to Defendant's policies, practices, and agreements with Plaintiff and Class Plaintiffs.

58. Plaintiff and Class Plaintiffs are entitled to compensation for hours of work which they performed for Defendant and for which they were not properly compensated.

59. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, and liquidated damages, together with costs and attorneys' fees pursuant to the WPCL.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B. An award to Plaintiff and the Class for the amount of unpaid compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and the Class of liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages and benefits due pursuant to the WPCL;

D. An award to Plaintiff and the Class of reasonable attorneys' fees and costs pursuant to the WPCL; and

E. An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, including general and special damages according to proof, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 215-375-0961/267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: July 18, 2017

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.